| Fill in this information to identify your case: | |
|---|---|
| United States Bankruptcy Court for the: <br> NORTHERN DISTRICT OF ILLINOIS <br><br> Case number *(if known)* _____ | Chapter you are filing under: <br> ■ Chapter 7 <br> ☐ Chapter 11 <br> ☐ Chapter 12 <br> ☐ Chapter 13 <br><br> ☐ Check if this an amended filing |

Official Form 101
# Voluntary Petition for Individuals Filing for Bankruptcy    12/15

The bankruptcy forms use you and Debtor 1 to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use you to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be yes if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1: Identify Yourself

| | | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|---|
| 1. | **Your full name** <br><br> Write the name that is on your government-issued picture identification (for example, your driver's license or passport). <br><br> Bring your picture identification to your meeting with the trustee. | **Carmen** <br> First name <br><br> _____ <br> Middle name <br><br> **Cummings** <br> Last name and Suffix (Sr., Jr., II, III) | _____ <br> First name <br><br> _____ <br> Middle name <br><br> _____ <br> Last name and Suffix (Sr., Jr., II, III) |
| 2. | **All other names you have used in the last 8 years** <br><br> Include your married or maiden names. | | |
| 3. | **Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number** (ITIN) | **xxx-xx-8628** | |

Official Form 101                **Voluntary Petition for Individuals Filing for Bankruptcy**                page 1

Official Form 101

|   | | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|---|
| **4.** | **Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years**<br><br>Include trade names and *doing business as* names | ■ I have not used any business name or EINs.<br><br>_____<br>Business name(s)<br><br>_____<br>EINs | ☐ I have not used any business name or EINs.<br><br>_____<br>Business name(s)<br><br>_____<br>EINs |
| **5.** | **Where you live** | **4325 Thornwood Ave**<br>**Matteson, IL 60443**<br>Number, Street, City, State & ZIP Code<br><br>**Cook**<br>County<br><br>**If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address.<br><br>_____<br>Number, P.O. Box, Street, City, State & ZIP Code | **If Debtor 2 lives at a different address:**<br><br>_____<br>Number, Street, City, State & ZIP Code<br><br>_____<br>County<br><br>**If Debtor 2's mailing address is different from yours, fill it in here.** Note that the court will send any notices to this mailing address.<br><br>_____<br>Number, P.O. Box, Street, City, State & ZIP Code |
| **6.** | **Why you are choosing *this district* to file for bankruptcy** | *Check one:*<br><br>■ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.<br><br>☐ I have another reason.<br>Explain. (See 28 U.S.C. § 1408.)<br><br>_____ | *Check one:*<br><br>☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.<br><br>☐ I have another reason.<br>Explain. (See 28 U.S.C. § 1408.)<br><br>_____ |

| Part 2: | Tell the Court About Your Bankruptcy Case |

**7. The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010))*. Also, go to the top of page 1 and check the appropriate box.

- ■ Chapter 7
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13

**8. How you will pay the fee**

- ■ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.
- ☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).
- ☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

**9. Have you filed for bankruptcy within the last 8 years?**

- ■ No.
- ☐ Yes.

| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

**10. Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

- ■ No
- ☐ Yes.

| Debtor | _____ | Relationship to you | _____ |
| District | _____ | When | _____ | Case number, if known | _____ |
| Debtor | _____ | Relationship to you | _____ |
| District | _____ | When | _____ | Case number, if known | _____ |

**11. Do you rent your residence?**

- ■ No.  Go to line 12.
- ☐ Yes.  Has your landlord obtained an eviction judgment against you and do you want to stay in your residence?
  - ☐ No. Go to line 12.
  - ☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it with this bankruptcy petition.

| Part 3: | Report About Any Businesses You Own as a Sole Proprietor |
|---|---|

**12. Are you a sole proprietor of any full- or part-time business?**

■ No.  Go to Part 4.

☐ Yes.  Name and location of business

_____
Name of business, if any

_____
Number, Street, City, State & ZIP Code

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

*Check the appropriate box to describe your business:*

☐  Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐  Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐  Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐  Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐  None of the above

**13. Are you filing under Chapter 11 of the Bankruptcy Code and are you a *small business debtor*?**

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines.* If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. 1116(1)(B).

■ No.   I am not filing under Chapter 11.

☐ No.   I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes.  I am filing under Chapter 11 and I am a small business debtor according to the definition in the Bankruptcy Code.

| Part 4: | Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention |
|---|---|

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

■ No.

☐ Yes.
What is the hazard?  _____

If immediate attention is needed, why is it needed?  _____

Where is the property?  _____
Number, Street, City, State & Zip Code

Debtor 1    **Carmen Cummings** _____   Case number *(if known)* _____

| Part 5: | **Explain Your Efforts to Receive a Briefing About Credit Counseling** |

| | **About Debtor 1:** | **About Debtor 2 (Spouse Only in a Joint Case):** |
|---|---|---|
| **15. Tell the court whether you have received a briefing about credit counseling.**<br><br>The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.<br><br>If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again. | *You must check one:*<br><br>■ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**<br><br>Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.<br><br>☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**<br><br>Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.<br><br>☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**<br><br>To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.<br><br>Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.<br>If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.<br><br>Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.<br><br>☐ **I am not required to receive a briefing about credit counseling because of:**<br><br>☐ **Incapacity.**<br>I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.<br><br>☐ **Disability.**<br>My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.<br><br>☐ **Active duty.**<br>I am currently on active military duty in a military combat zone.<br><br>If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver credit counseling with the court. | *You must check one:*<br><br>☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**<br><br>Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.<br><br>☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**<br><br>Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.<br><br>☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**<br><br>To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.<br><br>Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.<br><br>If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.<br><br>Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.<br><br>☐ **I am not required to receive a briefing about credit counseling because of**:<br><br>☐ **Incapacity.**<br>I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.<br><br>☐ **Disability.**<br>My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.<br><br>☐ **Active duty.**<br>I am currently on active military duty in a military combat zone.<br><br>If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court. |

Debtor 1  **Carmen Cummings**  Case number *(if known)*

| Part 6: | Answer These Questions for Reporting Purposes |

**16. What kind of debts do you have?**

16a. **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☐ No. Go to line 16b.
- ■ Yes. Go to line 17.

16b. **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.
- ☐ No. Go to line 16c.
- ☐ Yes. Go to line 17.

16c. State the type of debts you owe that are not consumer debts or business debts
_____

**17. Are you filing under Chapter 7?**
- ☐ No. I am not filing under Chapter 7. Go to line 18.
- ■ Yes. I am filing under Chapter 7.

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**
- ■ No
- ☐ Yes

**18. How many Creditors do you estimate that you owe?**
- ■ 1-49
- ☐ 50-99
- ☐ 100-199
- ☐ 200-999
- ☐ 1,000-5,000
- ☐ 5001-10,000
- ☐ 10,001-25,000
- ☐ 25,001-50,000
- ☐ 50,001-100,000
- ☐ More than 100,000

**19. How much do you estimate your assets to be worth?**
- ■ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ☐ $1,000,001 - $10 million
- ☐ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

**20. How much do you estimate your liabilities to be?**
- ☐ $0 - $50,000
- ☐ $50,001 - $100,000
- ■ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ☐ $1,000,001 - $10 million
- ☐ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

| Part 7: | Sign Below |

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**/s/ Carmen Cummings**
_____

**Carmen Cummings**
Signature of Debtor 1

Signature of Debtor 2

Executed on  **December  5, 2016**
MM / DD / YYYY

Executed on _____
MM / DD / YYYY

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

**/s/ Michael S. Fabinski**                                Date  **December 5, 2016**
Signature of Attorney for Debtor                                MM / DD / YYYY

**Michael S. Fabinski**
Printed name

**MSF Law**
Firm name

**One Lincoln Center**
**18W140 Butterfield Road, Suite 1500**
**Oakbrook terrace, IL 60181**
Number, Street, City, State & ZIP Code

Contact phone  **(630) 726-4609**                Email address

**6315331**
Bar number & State

In re _____    Case No. _____
Debtor(s)

# FORM 1. VOLUNTARY PETITION
### Attachment A

**Debtor understands that it is Debtor's responsibility to complete an instructional course concerning personal financial management ASAP. After completion of the instructional course, Debtor must tender a certificate of completion to debtor's counsel and the Clerk of the US Bankruptcy Court. Debtor understands further that no discharge will be granted without the filing of said certificate. Time is of the essence.**

**NOTICE TO INDIVIDUAL DEBTOR(S) IN CHAPTER 7 CASES OF REQUIREMENT TO FILE A STATEMENT OF COMPLETION OF COURSE IN PERSONAL FINANCIAL MANAGEMENT**

**Unless otherwise ordered by the Court, you must complete an instructional course in personal financial management in order to receive a discharge under Chapter 7 (11 USC Sec. 727). Pursuant to Bankruptcy Rule 1007(b)(7), you must complete and file Debtor's Certification of Completion of Instructional Course Concerning Personal Financial Management (Official Form 23) as described in 11 USC Sec 111. Please attach the certificate you received from the Debtor's Education Provider to Official Form 23.**

**A list of "Approved Debtor Education Providers" is available at the U.S. Trustee's website at www.justice.gov/ust/eo/bapcpa/ccde/index.htm.**

**You must file Official Form 23 within 60 days after the first date set for the meeting of creditors under Section 341. If you do not file Official Form 23, your case will be closed without a discharge. You will still be liable for the debts you owed before filing. If you subsequently file a Motion to Reopen, you must pay the reopening fee.**

**Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy** (Form 2010)

**This notice is for you if:**

**You are an individual filing for bankruptcy,** and

**Your debts are primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

**The types of bankruptcy that are available to individuals**

Individuals who meet the qualifications may file under one of four different chapters of Bankruptcy Code:

Chapter 7 - Liquidation

Chapter 11 - Reorganization

Chapter 12 - Voluntary repayment plan for family farmers or fishermen

Chapter 13 - Voluntary repayment plan for individuals with regular income

**You should have an attorney review your decision to file for bankruptcy and the choice of chapter.**

| Chapter 7: | Liquidation |
|---|---|
| $245 | filing fee |
| $75 | administrative fee |
| + $15 | trustee surcharge |
| $335 | total fee |

Chapter 7 is for individuals who have financial difficulty preventing them from paying their debts and who are willing to allow their nonexempt property to be used to pay their creditors. The primary purpose of filing under chapter 7 is to have your debts discharged. The bankruptcy discharge relieves you after bankruptcy from having to pay many of your pre-bankruptcy debts. Exceptions exist for particular debts, and liens on property may still be enforced after discharge. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

However, if the court finds that you have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge.

You should know that even if you file chapter 7 and you receive a discharge, some debts are not discharged under the law. Therefore, you may still be responsible to pay:

most taxes;

most student loans;

domestic support and property settlement obligations;

    most fines, penalties, forfeitures, and criminal restitution obligations; and

    certain debts that are not listed in your bankruptcy papers.

You may also be required to pay debts arising from:

    fraud or theft;

    fraud or defalcation while acting in breach of fiduciary capacity;

    intentional injuries that you inflicted; and

    death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.

If your debts are primarily consumer debts, the court can dismiss your chapter 7 case if it finds that you have enough income to repay creditors a certain amount. You must file *Chapter 7 Statement of Your Current Monthly Income* (Official Form 122A–1) if you are an individual filing for bankruptcy under chapter 7. This form will determine your current monthly income and compare whether your income is more than the median income that applies in your state.

If your income is not above the median for your state, you will not have to complete the other chapter 7 form, the *Chapter 7 Means Test Calculation* (Official Form 122A–2).

If your income is above the median for your state, you must file a second form —the *Chapter 7 Means Test Calculation* (Official Form 122A–2). The calculations on the form— sometimes called the *Means Test*—deduct from your income living expenses and payments on certain debts to determine any amount available to pay unsecured creditors. If

your income is more than the median income for your state of residence and family size, depending on the results of the *Means Test*, the U.S. trustee, bankruptcy administrator, or creditors can file a motion to dismiss your case under § 707(b) of the Bankruptcy Code. If a motion is filed, the court will decide if your case should be dismissed. To avoid dismissal, you may choose to proceed under another chapter of the Bankruptcy Code.

If you are an individual filing for chapter 7 bankruptcy, the trustee may sell your property to pay your debts, subject to your right to exempt the property or a portion of the proceeds from the sale of the property. The property, and the proceeds from property that your bankruptcy trustee sells or liquidates that you are entitled to, is called *exempt property*. Exemptions may enable you to keep your home, a car, clothing, and household items or to receive some of the proceeds if the property is sold.

Exemptions are not automatic. To exempt property, you must list it on *Schedule C: The Property You Claim as Exempt* (Official Form 106C). If you do not list the property, the trustee may sell it and pay all of the proceeds to your creditors.

---

**Chapter 11: Reorganization**

---

| | | |
|---:|---:|:---|
| | $1,167 | filing fee |
| + | $550 | administrative fee |
| | $1,717 | total fee |

Chapter 11 is often used for reorganizing a business, but is also available to individuals. The provisions of chapter 11 are too complicated to summarize briefly.

### Read These Important Warnings

**Because bankruptcy can have serious long-term financial and legal consequences, including loss of your property, you should hire an attorney and carefully consider all of your options before you file. Only an attorney can give you legal advice about what can happen as a result of filing for bankruptcy and what your options are. If you do file for bankruptcy, an attorney can help you fill out the forms properly and protect you, your family, your home, and your possessions.**

**Although the law allows you to represent yourself in bankruptcy court, you should understand that many people find it difficult to represent themselves successfully. The rules are technical, and a mistake or inaction may harm you. If you file without an attorney, you are still responsible for knowing and following all of the legal requirements.**

**You should not file for bankruptcy if you are not eligible to file or if you do not intend to file the necessary documents.**

**Bankruptcy fraud is a serious crime; you could be fined and imprisoned if you commit fraud in your bankruptcy case. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

---

**Chapter 12: Repayment plan for family farmers or fishermen**

```
        $200   filing fee
+        $75   administrative fee
        $275   total fee
```

Similar to chapter 13, chapter 12 permits family farmers and fishermen to repay their debts over a period of time using future earnings and to discharge some debts that are not paid.

---

**Chapter 13: Repayment plan for individuals with regular income**

```
        $235   filing fee
+        $75   administrative fee
        $310   total fee
```

Chapter 13 is for individuals who have regular income and would like to pay all or part of their debts in installments over a period of time and to discharge some debts that are not paid. You are eligible for chapter 13 only if your debts are not more than certain dollar amounts set forth in 11 U.S.C. § 109.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, usually using your future earnings. If the court approves your plan, the court will allow you to repay your debts, as adjusted by the plan, within 3 years or 5 years, depending on your income and other factors.

After you make all the payments under your plan, many of your debts are discharged. The debts that are not discharged and that you may still be responsible to pay include:

- domestic support obligations,
- most student loans,
- certain taxes,
- debts for fraud or theft,
- debts for fraud or defalcation while acting in a fiduciary capacity,
- most criminal fines and restitution obligations,
- certain debts that are not listed in your bankruptcy papers,
- certain debts for acts that caused death or personal injury, and
- certain long-term secured debts.

---

---

**Warning: File Your Forms on Time**

Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information about your creditors, assets, liabilities, income, expenses and general financial condition. The court may dismiss your bankruptcy case if you do not file this information within the deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

For more information about the documents and their deadlines, go to:
http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

---

**Bankruptcy crimes have serious consequences**

If you knowingly and fraudulently conceal assets or make a false oath or statement under penalty of perjury—either orally or in writing—in connection with a bankruptcy case, you may be fined, imprisoned, or both.

All information you supply in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the U.S. Trustee, the Office of the U.S. Attorney, and other offices and employees of the U.S. Department of Justice.

**Make sure the court has your mailing address**

The bankruptcy court sends notices to the mailing address you list on *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101). To ensure that you receive information about your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.

A married couple may file a bankruptcy case together—called a *joint case*. If you file a joint case and each spouse lists the same mailing address on the bankruptcy petition, the bankruptcy court generally will mail you and your spouse one copy of each notice, unless you file a statement with the court asking that each spouse receive separate copies.

**Understand which services you could receive from credit counseling agencies**

The law generally requires that you receive a credit counseling briefing from an approved credit counseling agency. 11 U.S.C. § 109(h). If you are filing a joint case, both spouses must receive the briefing. With limited exceptions, you must receive it within the 180 days **before** you file your bankruptcy petition. This briefing is usually conducted by telephone or on the Internet.

In addition, after filing a bankruptcy case, you generally must complete a financial management instructional course before you can receive a discharge. If you are filing a joint case, both spouses must complete the course.

You can obtain the list of agencies approved to provide both the briefing and the instructional course from: http://justice.gov/ust/eo/hapcpa/ccde/cc_approved.html.

In Alabama and North Carolina, go to: http://www.uscourts.gov/FederalCourts/Bankruptcy/BankruptcyResources/ApprovedCreditAndDebtCounselors.aspx.

If you do not have access to a computer, the clerk of the bankruptcy court may be able to help you obtain the list.

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
### Northern District of Illinois

In re **Carmen Cummings**  
Debtor(s)

Case No.  
Chapter **7**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   | | |
   |---|---|
   | For legal services, I have agreed to accept | $ **1,000.00** |
   | Prior to the filing of this statement I have received | $ **1,000.00** |
   | Balance Due | $ **0.00** |

2. The source of the compensation paid to me was:

   ■ Debtor    ☐ Other (specify):

3. The source of compensation to be paid to me is:

   ■ Debtor    ☐ Other (specify):

4. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   b. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   c. [Other provisions as needed]
      **All items identified in the engagement letter.**

6. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **Excludes all items not specifically included in the engagement letter.**

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**December 5, 2016**  
*Date*

**/s/ Michael S. Fabinski**  
**Michael S. Fabinski**  
*Signature of Attorney*  
**MSF Law**  
**One Lincoln Center**  
**18W140 Butterfield Road, Suite 1500**  
**Oakbrook terrace, IL 60181**  
**(630) 726-4609**  
*Name of law firm*

# Michael S. Fabinski Law

One Lincoln Center, Suite 1500　　　　　　　　　　Phone: (630) 726-4609
Oakbrook Terrace, IL  60181　　　　　　　　　　　Email: Fabinski@MSFLaw.org

---

Carmen Cummings
4325 Thordwood Ave
Matteson, IL  60443

### CHAPTER 7 ENGAGEMENT AGREEMENT

Dear Carmen:

READ THIS AGREEMENT AND THE ATTACHED DOCUMENTS CAREFULLY 3 TIMES BEFORE SIGNING.  DO NOT SIGN IF YOU ARE CONFUSED BY ANY TERM OR OBLIGATION.

My policy at the outset of a new engagement is to outline not only the nature of the project, but also the basis on which I will provide legal services and bill for them.

1. <u>Compensation</u>: You agree to <u>prepay</u> Attorney Michael S. Fabinski a flat, fixed-fee of $1,000 for the Chapter 7 services set forth in the paragraph labeled "Scope of Flat-Fee Engagement," after any and all discounts, which includes the following: (1) petition filing fee of $335; (2) credit report fee of $23 per debtor; and (3) any other costs.  **Please note that any payment received by Attorney Fabinski shall be treated as an advance payment, allowing Attorney Fabinski to take the retainer into income immediately.**  The reason for this treatment is that (a) the total payment for the services identified in paragraph No. 1 above is anticipated to equal the amount of the retainer; (b) the project shall be of a fixed duration and not anticipated to extend beyond 90-120 days; and (c) no refunds shall be given.  In addition to the Flat-Fee Engagement, you agree to pay Attorney Fabinski an hourly fee of $300 for all other Chapter 7 related services not included in the Scope of Flat-Fee Engagement, including without limitation, motions to dismiss your Chapter 7 case.  Finally, you authorize Attorney Fabinski to withdraw if you fail to pay the retainer or fail to pay any invoice within 30 days of issuance.

2. <u>Scope of Flat-Fee Engagement</u>:  You have asked Attorney Fabinski to assist you in filing a Chapter 7 bankruptcy petition.  In this regard, Attorney Fabinski will provide the following professional services:
   a. **Represent you only.**  Attorney Fabinski does not represent any spouse or intended beneficiaries.
   b. Advise you about the differences between bankruptcy Chapters 7, 11, 12, and 13.
   c. Advise you about your bankruptcy rights and responsibilities/obligations that arise both before filing bankruptcy and arise after the bankruptcy case is filed.
   d. Inform you about exempt assets, unsecured debt, priority debt, and secured debt.
   e. Confer with you at the initial meeting and review paystubs tendered to me by you.
   f. Prepare draft petition, draft schedules, draft statement of financial affairs, and provide a draft "means test" calculation.
   g. Represent you at the initial Section 341 meeting of creditors **through me personally or through a representative**.
   h. Inform you about reaffirmation agreements.

Signed: _[signature]_____    Print Name: _____

# Michael S. Fabinski Law

One Lincoln Center, Suite 1500             Phone: (630) 726-4609
Oakbrook Terrace, IL  60181                Email: Fabinski@MSFLaw.org

3. <u>Services Outside Scope of Engagement</u>:  The scope of Attorney Fabinski's representation is limited to the bankruptcy services set forth above.  By way of example, Attorney Fabinski has not been engaged to represent you in any loss mitigation options, tax issues, adversary proceedings, or appeals.  Attorney Fabinski has also not been engaged to file any motion to avoid a lien.

4. <u>No Student Loan Advice</u>:  Attorney Fabinski has NOT been engaged to provide any student loan advice.  You are urged to engage an unrelated student loan attorney to provide student loan advice prior to filing bankruptcy.  You may be denied the right to obtain student loans if you file bankruptcy.

5. <u>Home</u>:  No guarantee is provided.  Chapter 7 is NOT designed to establish a repayment plan and you will NOT be allowed to prevent foreclosure or keep your home by filing this Chapter 7 bankruptcy.

6. <u>Non-filing Spouse</u>:  If you are married, you have a choice to file bankruptcy in your name alone (i.e. "individually") or together with your spouse, if married (i.e. "jointly").  A spouse who is not added to the bankruptcy petition does NOT enjoy bankruptcy protection or benefits.  Specifically, the non-filing spouse will not receive a "discharge" of any debts.  Plus, the non-filing spouse will not be protected by the automatic stay and creditors of the non-filing spouse will be allowed to seek all legal remedies against the non-filing spouse.

If these arrangements meet with your approval, please sign this engagement letter and return it to Attorney Fabinski with your retainer.  Please do not sign this engagement letter if you are confused or do not understand any term.  Before signing, I urge you to engage a different attorney to review and explain each and every provision.

READ THIS AGREEMENT CAREFULLY 3 TIMES BEFORE SIGNING.  DO NOT SIGN IF YOU ARE CONFUSED BY ANY TERM OR OBLIGATION.

Thank you,

Michael S. Fabinski, President
*Michael S. Fabinski*
MICHAEL S. FABINSKI LAW

**READ THIS DOCUMENT THREE (3) TIMES BEFORE SIGNING.**

Signed _____  Print Name: _____

# United States Bankruptcy Court
## Northern District of Illinois

In re  **Carmen Cummings**     Case No.
Debtor(s)     Chapter  **7**

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors:  **19**

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date:  **December 5, 2016**      **/s/ Carmen Cummings**
**Carmen Cummings**
Signature of Debtor

| | | |
|---|---|---|
| Michael S. Fabinski<br>MSF Law<br>One Lincoln Center<br>18W140 Butterfield Road, Suite 1500<br>Oakbrook terrace, IL 60181 | First Premier Bank<br>601 S Minnesota Ave<br>Sioux Falls, SD 57104 | Wfds/wds<br>Po Box 1697<br>Winterville, NC 28590 |
| Carmen Cummings<br>4325 Thornwood Ave<br>Matteson, IL 60443 | Illinois Department of Revenue<br>Bankruptcy Section, Level 7-400<br>100 W. Randolph Street<br>Chicago, IL 60601 | |
| Bankruptcy Notices<br>One Lincoln Center<br>18W140 Butterfield Road, Suite 1500<br>Oakbrook Terrace, IL 60181 | Illinois Department of Revenue<br>PO Box 64338<br>Chicago, IL 60601 | |
| Carrington Mortgage Se<br>1600 S Douglass Rd Ste 2<br>Anaheim, CA 92806 | Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | |
| Cci<br>Contract Callers Inc. Cci<br>Augusta, GA 30901 | Kondaur Capital Corp<br>333 S Anita Dr Ste 400<br>Orange, CA 92868 | |
| Citimortgage<br>Po Box 9438<br>Gaithersburg, MD 20898 | Nationstar<br>350 Highland Dr<br>Lewisville, TX 75067 | |
| ComEd<br>PO Box 6111<br>Carol Stream, IL 60197 | Prof Credit<br>400 International Way<br>Springfield, OR 97477 | |
| Convergent Outsourcing<br>800 Sw 39th St<br>Renton, WA 98057 | Trident Asset Manageme<br>53 Perimeter Ctr E Ste 4<br>Atlanta, GA 30346 | |
| Credit Control Service<br>Po Box 607<br>Norwood, MA 02062 | US Trustee's Office, VIA ECF<br>219 S. Dearborn Street<br>Suite 800<br>Chicago, IL 60604 | |